CLAUDIO UGARTE, Plaintiff and Appellee, *v.* JESÚS
ALVELO ET UX., Defendants and Appellants.

No. 10178. Argued December 1, 1950.—Decided April 23, 1951.

*Arcilio Alvarado* and *Carlos J. Ortiz* for appellants. *Ángel M.
Villamil* for appellee.

PER CURIAM: The defendants, who were the losing
parties in an action to enforce the right of accession,
appealed to this Court from the judgment entered by the
lower court granting the complaint in said suit. They con-
tend in their brief that the lower court erred: (1) in fixing
the sum of $900 as indemnity for the loss of the house and
(2) in ordering, within the action to enforce the right of
accession, the eviction of the defendants as if it were an
action of unlawful detainer.

█ The first error concerns the weighing of the evi-
dence. We are not in a position to substitute our views for
those of the lower court which made the determination with
respect to the proper indemnity pursuant to the evidence.
We do not find manifest error in its weighing. Therefore,
the first error is nonexistent.

■■ Neither does the second error exist, for since in this case the action to enforce the right of accession has a dual purpose, namely, that the plaintiff obtain title to the construction and that the defendant be ordered to vacate said construction, *Figueroa* v. *Rodríguez*, 68 P.R.R. 248, the defendants could be ordered, as they were ordered, when the complaint was granted, to vacate the premises or be evicted therefrom. Of course, the term fixed by the trial court to vacate the premises, and in default thereof for the eviction, starts to run only from the time that the indemnity mentioned in the statute has been paid. Section 297 of the Civil Code, 1930 ed.

The judgment will be affirmed.